IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PHILLIP CHOLKA,

                      OPINION AND ORDER

        Petitioner,

                      17-cv-787-bbc

  v.

MICHAEL DITTMANN,

        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Phillip Cholka has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 in which he challenges an amended judgment of conviction entered on December 1, 1999 and amended on January 23, 2008, by the Circuit Court for Jackson County, Wisconsin, on counts of criminal damage to property (over $1,000) and resisting or obstructing an officer, in Case No. 1999CF121. He has paid the $5 filing fee, so his petition is ready for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief.

      Although the petition is difficult to follow, I understand petitioner to be raising the following grounds for relief based on newly-discovered evidence: (1) the prosecutor committed misconduct by charging him with a felony instead of a misdemeanor; (2) petitioner received too high a sentence; (3) petitioner received ineffective assistance from

1

is trial counsel; and (4) petitioner received ineffective assistance from appellate and post conviction counsel, who failed to raise ineffective assistance of trial counsel as a ground for appeal. From the information contained in the petition, its attachments and Wisconsin's online court records, it appears that petitioner's claims are barred by the doctrine of procedural default. However, I will allow petitioner an opportunity to overcome his default by filing a supplement to his petition showing cause for the default and actual prejudice, or showing that the court's failure to consider the claim would result in a fundamental miscarriage of justice.

OPINION

In October 1999, petitioner was accused of kicking out the rear, left passenger-side window of a law enforcement vehicle and causing more than $1,000 in damage. He entered a plea of guilty to those charges and was sentenced on December 1, 1999. With respect to the criminal property damage count, the sentencing court ordered restitution, a 10-year stayed prison sentence and 10 years of probation with several conditions. The conviction was affirmed on appeal in 2001. On January 23, 2008, the circuit court ordered execution of the sentence.

Petitioner alleges that in 2016, he learned for the first time through a private investigator that the repairs for the window cost less than $1,000, a fact that if known at the time of conviction would have resulted in a different outcome in his case. On August 25, 2016, the circuit court denied his subsequent motions: (1) for a new trial; (2) to

modify his sentence; and (3) to vacate and set aside his conviction. Plaintiff filed an appeal on December 12, 2016. The Wisconsin Court of Appeals construed the motions as post conviction motions under Wis. Stat. § 974.06 and denied them as untimely because he filed his notice of appeal after the November 23, 2016 statutory deadline (or more than 90 days after the circuit court's order denying the motions).

Under the procedural default doctrine, a federal court is precluded from reaching the merits of a habeas claim if the petitioner either (1) failed to present his claim to the state courts and it is clear that those courts would now hold the claim procedurally barred; or (2) presented his claim to the state courts but the state court dismissed the claim on a state procedural ground independent of the federal question and adequate to support the judgment. Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004); Moore v. Bryant, 295 F.3d 771, 774 (7th Cir. 2002); Chambers v. McCaughtry, 264 F.3d 732, 737-38 (7th Cir. 2001). The second scenario applies here: petitioner presented his claims to the state courts, but the court of appeals dismissed them because he filed his appeal too late. A late filing is a procedural ground that is independent of the merits of his claims. Accordingly, his claims are procedurally defaulted.

A habeas petitioner may overcome procedural default by demonstrating cause for the default and actual prejudice or by showing the court's failure to consider the claim would result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). A petitioner can demonstrate cause for his default by pointing to some objective factor external to the defense which blocked his ability to comply with the

procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). To show prejudice, he must present evidence that the errors at trial "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Perruquet, 390 F.3d at 515 (quoting United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original)). The fundamental-miscarriage-of-justice exception requires a showing that "a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." Dretke v. Haley, 541 U.S. 386, 393 (2004) (quoting Carrier, 477 U.S. at 496); Schlup v. Delo, 513 U.S. 298, 327 (1995)).

Because procedural default is an affirmative defense, petitioner was not required to show cause and prejudice or actual innocence in his petition. Perruquet, 390 F.3d at 515. Nevertheless, a court may raise an affirmative defense before requiring the state to answer if "it is so plain from the language of the complaint and other documents in the court's files that it renders the suit frivolous." Gleash v. Yuswak, 308 F.3d 758, 760-61 (7th Cir. 2002) ("Under the circumstances there was no point to serving the defendants with process, forcing them to engage counsel, and then waiting for the inevitable motion to dismiss."). That standard is met in this case.

Therefore, petitioner will be allowed an opportunity to overcome his default by showing: (1) what cause he may have had for filing his appeal of his post conviction motions after the statutory deadline and what prejudice he will suffer if this court fails to consider his claims; or (2) whether a failure to review his claims will constitute a

4

fundamental miscarriage of justice because he is actually innocent of the conviction in case number 1999CF121. Because any response will be considered as a "supplement" to his petition for a writ of habeas corpus, petitioner must make sure to declare that any statements contained in his response are made under penalty of perjury. 28 U.S.C. § 2242 (petition must be "signed and verified" by petitioner). Petitioner may have 30 days to file the supplement. If he files the supplement, the court will determine whether he may proceed with his claims or whether they should be dismissed as procedurally defaulted. If petitioner fails to file a supplement within 30 days, his claims will be dismissed as procedurally defaulted.

ORDER

IT IS ORDERED that

1. Petitioner Phillip Cholka has 30 days from the date of this order to file a supplement to his petition showing why his petition should not be dismissed as barred by the doctrine of procedural default.

2. If petitioner does not respond to this order within 30 days, the court will

dismiss the petition as barred by the doctrine of procedural default and close this case.

Entered this 7th day of December, 2017.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge