IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PHILLIP CHOLKA,

                                  ORDER

                Petitioner,

                              17-cv-787-bbc

      v.

DENISE SYMDON,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Phillip Cholka has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 in which he challenges a 1999 conviction in the Circuit Court for Jackson County, Wisconsin. Because petitioner has been released to extended supervision, I have amended the caption to reflect that Denise Symdon, the Administrator of the Division of Community Corrections of the Wisconsin Department of Corrections, is the proper respondent to the petition under Rule 2(a) of the Rules Governing Section 2254 Cases.

      Although I found in screening the petition that petitioner's claims were likely barred by the doctrine of procedural default because he failed to appeal the denial of his 2016 post-conviction motions in a timely manner, dkt. #3, I directed the government to respond to the petition because more information was needed to determine whether petitioner could proceed. Dkt. #6. Now before the court is the government's motion to dismiss the petition on the ground that it is untimely. Dkt. #12.

1

In conjunction with its motion to dismiss, the government has submitted court documents that clarify the procedural history of petitioner's criminal case. In particular, although court records show that petitioner appealed his sentence, he did not seek review of the Wisconsin Court of Appeals September 28, 2001 denial of his appeal in the Wisconsin Supreme Court, dkt. #13, exh. ##2, 3, which would have been due on or about October 29, 2001. Wis. Stat. § 808.10 (petition for review must be filed within 30 days of Wisconsin Court of Appeals' decision). Petitioner did not file any further post-conviction motions until 2016.

In its motion, the government contends that petitioner's claims are untimely. Petitions brought under 28 U.S.C. § 2254 have a one-year statute of limitations that begins to run from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner was convicted on December 1, 1999; the Wisconsin Court of Appeals ruled on his direct appeal on September 28, 2001; and petitioner did not file a petition for review in the Wisconsin Supreme Court. As a result, the statute of limitations for petitioner's filing of a federal habeas petition began to run on or about October 29, 2001 and expired on October 29, 2002. Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (if petitioner does not seek review in state's highest court, judgment becomes final when time for seeking such review has expired). Petitioner did not file his habeas petition in this court until 2017, long after the one-year period for doing so had expired.

However, as the government recognizes in its motion, the deadline for filing habeas petitions may be extended if the state prevented the petitioner from filing earlier, if the United States Supreme Court has recognized a new constitutional right or if petitioner has discovered new facts supporting his claim. 28 U.S.C. § 2244(d)(1)(B)-(D). In addition, a petitioner is entitled to equitable tolling if he shows (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).

The government argues that petitioner cannot show that the statute of limitations period in his case should be equitably tolled because he waived the argument by not raising it and because the nature and timing of his state court litigation suggest that he had no interest in challenging his conviction until after his probation review hearing in 2008. However, the government has failed to address the fact that petitioner says that he learned for the first time through a private investigator in 2016 that the repairs to the window he damaged cost less than $1,000. I discussed this issue in my previous two orders in the context of procedural default. Because petitioner's allegations that he discovered new evidence in 2016 implicate both the exception in 28 U.S.C. § 2244(d)(1)(D) and the doctrine of equitable tolling, I will allow the government an opportunity to supplement its motion to address this issue, and if necessary, the issues raised in the previous orders concerning procedural default.

ORDER

IT IS ORDERED that

1. The caption shall be amended to reflect that Denise Smydon is the proper respondent in this case.

2. Respondent shall be have until July 13, 2018 to supplement her motion to dismiss to address petitioner's allegations of the discovery of new evidence. Petitioner shall have until July 23, 2018 to respond. Respondent shall have until July 30, 2018 to reply.

Entered this 29th day of June, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge