IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PHILLIP CHOLKA,

                                                              OPINION AND ORDER
                              Petitioner,

                                                                  17-cv-787-bbc
          v.

DENISE SYMDON,

                              Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Petitioner Phillip Cholka has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 in which he challenges a 1999 conviction in the Circuit Court for Jackson County, Wisconsin for criminal damage to a police car (over $1,000) and resisting or obstructing an officer. Before the court is the government's motion to dismiss the petition on the grounds that it is untimely. Dkt. #12. For the reasons explained below, I am granting the motion and dismissing the petition as untimely.

OPINION

  In an order entered on June 29, 2016, I found that court records showed that petitioner's statute of limitations for filing a federal habeas petition began to run on or about October 29, 2001 and expired on October 29, 2002, well before he filed his petition in this court in 2017. Dkt. #16. Although petitioner filed a post-conviction motion in 2016 challenging the cost of the repairs at the time he was charged and

1

convicted, that motion did not toll the federal limitations period calculation because it was filed after the one-year limitations period had expired. Teas v. Endicott, 494 F.3d 580, 582-83 (7th Cir. 2007) (where time under 28 U.S.C. § 2244(d)(1)(A) has long expired before filing of state post-conviction petition, no collateral review "was pending" in state court and tolling provision under § 2244(d)(2) does not render petition timely); Escamilla v. Jungwirth, 426 F.3d 868, 870 (7th Cir. 2005) ("state court's willingness to entertain a belated collateral attack on the merits does not affect the timeliness of the federal proceeding").

However, as explained in my previous order, the petition may be considered timely if petitioner's claims rest on facts that he could not have discovered earlier than he did even had he exercised due diligence, 28 U.S.C. § 2244(d)(1)(D), or if petitioner is entitled to equitable tolling of the limitations period, which requires a showing that he has diligently pursued his rights but some extraordinary circumstance prevented timely filing of the petition. Holland v. Florida, 560 U.S. 631, 649 (2010); Socha v. Boughton, 763 F.3d 674, 684-85 (7th Cir. 2014). (Petitioner has not presented any facts to show that a state-created impediment prevented him from filing his petition any earlier than he did or that his is seeking relief on the basis of a newly recognized and retroactive constitutional right, so the additional exceptions in 28 U.S.C. § 2244(d)(1)(B) and (C) do not apply.) Because petitioner alleged in his federal habeas petition that he discovered "new evidence" in 2016 regarding the cost of the window he damaged, I allowed the government an opportunity to supplement its motion to address whether the new

evidence implicated the exception in 28 U.S.C. § 2244(d)(1)(D) (deadline for filing habeas petitions may be extended if petitioner has discovered new facts supporting his claim), or the doctrine of equitable tolling. Holland, 560 U.S. at 649 (equitable tolling applies if petitioner has diligently pursued rights and extraordinary circumstance prevented timely filing of petition).

In its supplemental brief, the government points out that petitioner argued in his post-conviction motion that the window *could* have been repaired for less than $1,000 and not that the repairs *actually* cost less than $1,000. The transcript from the post-conviction hearing reveals that petitioner's "new evidence" consisted of estimates obtained by a private investigator in 2015 for the cost to fix the windows of a 1999 Ford Crown Victoria. Dkt. #13, exh. #6 at 38-39. At the hearing on the post-conviction motion, petitioner argued that he was "gouged" because the 2015 estimates were substantially lower than the actual repair bill in 1999. Id. The state court analyzed petitioner's claim as one of ineffective assistance of trial counsel because petitioner had pleaded guilty and waived trial. Id. at 6-7. It found that petitioner's trial counsel was not ineffective because there was evidence that the window actually cost more than $1,000: the auto body shop charged the city more than $1,000 for the repairs and the city's insurance company paid the bill. Id. at 50.

Although petitioner faults his trial attorney for not challenging the amount of the repairs at the time he was charged and convicted, he has not explained why he could not have obtained lower estimates from other repair shops through the exercise of due

diligence at the time of his conviction or soon after. Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000) (Section "2244(d)(1) says "the time commences when the factual predicate 'could have been discovered through the exercise of due diligence', not when it was actually discovered by a given prisoner."). As the government points out, petitioner testified at the post-conviction hearing that he questioned the cost of the repairs "since day one" and did not ask for his file from trial counsel until 2013. Dkt. #13, exh. #6 at 44-45. However, petitioner did not present the state court any evidence that the cost of the window was inflated until 2016. Apart from asserting conclusory allegations that "extraordinary circumstances" prevented him from filing his petition on time, he has provided no reason why he could not have obtained information about the "true" cost of the window and presented it to the state court well before 2015. Without more, petitioner cannot show that either the exception in § 2241(d)(1)(D) or the doctrine of equitable tolling applies in his case.

I also note that a petitioner may be able to overcome the one-year limitations period by arguing for an equitable exception based on a claim of actual innocence, regardless whether he has been diligent in pursuing his rights. McQuiggin v. Perkins, 569 U.S. 383, 399 (2013). To qualify for this narrow exception, a petitioner must "present[ ] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." Schlup v. Delo, 513 U.S. 298, 316 (1995). Petitioner must show that "in light of new evidence, it is more likely than not that no reasonable juror would

have found petitioner guilty beyond a reasonable doubt." House v. Bell, 547 U.S. 518, 537 (2006), quoting Schlup, 513 U.S. at 327; see also McQuiggin, 569 U.S. at 399; Gladney v. Pollard, 799 F.3d 889, 896 (7th Cir. 2015). To be "new," evidence need not be "newly discovered" but must be evidence that was not presented at trial. Gladney, 799 F.3d at 898.

Petitioner has never claimed that he is actually innocent of damaging the police squad window. His only argument is that the cost to repair the window should have been less than the city actually paid for it. In addition, petitioner's estimates of what other body shops may have charged in 2015 to repair a window that was damaged several years previously are not the type of compelling evidence necessary to show actual innocence. Schlup, 513 U.S. at 324 ("[S]uch a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence."); Hayes v. Battaglia, 403 F.3d 935, 938 (7th Cir. 2005) (noting that petitioner "must have documentary, biological (DNA) or other powerful evidence: perhaps some non-relative who placed him out of the city, with credit card slips, photographs, and phone logs to back up the claim."). Finally, although the petitioner need not prove diligence to pass through the actual-innocence gateway, the court may consider the petitioner's unexplained delay in presenting the new evidence "as part of the assessment whether actual innocence has been convincingly shown." McQuiggin, 569 U.S. at 399. The fact that petitioner has offered no reason why he could not have presented his evidence earlier

weighs against any claim petitioner may have of actual innocence. Accordingly, the petition will be dismissed as untimely.


ORDER

IT IS ORDERED that respondent Denise Smydon's motion to dismiss, dkt. #12, is GRANTED. Petitioner Phillip Cholka's petition for a writ of habeas corpus is DISMISSED with prejudice. The clerk of court is directed to close this case.

Entered this 31st day of July, 2018.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge